**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Case No. CR-17-003-JHP ) |
| **IAN ALEXANDER BOWLINE,** | ) ) |
| *Defendant*. | ) |

**OPINION AND ORDER**

Before the Court is Defendant Ian Alexander Bowline's "Motion to Dismiss Indictment" [Docket No. 29], the Government's "Response to Defendant Ian Bowline's Motion to Dismiss Indictment" [Docket No. 34], and the Defendant's "Reply to Government's Response to Defendant's Motion to Dismiss Indictment" [Docket No. 36]. Defendant argues that, based upon the prison time he has already served, the indictment against him should be dismissed.

It is Defendant's assertion that Rule 12(b)(1) of the Federal Rules of Criminal Procedure allows a district court to consider certain pretrial motions. Defendant contends, "under certain circumstances a trial court has jurisdiction to order pretrial dismissal of an Indictment." *See United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). Defendant further argues, "a case can be disposed of by pre-trial motion where a court can determine the issue without considering evidence relevant to the question of guilt or innocence. *See United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010).

Federal Rule of Criminal Procedure 12 authorizes the district court to resolve only those pretrial motions "that the court can determine without a trial of the general issue." *See United States v. Pope*, 613 F3d 1255, 1259 (10th Cir. 2010) (quoting Fed.R.Crim.P. 12(b)(2)). "In a

1

criminal case, the 'general issue' is defined as evidence relevant to the question of guilt or innocence.'" *Id*. (quoting *United States v. Yakou*, 428 F. 3d 241, 246 (D.C. Cir. 2005)).

Under limited circumstances, the district court may grant motions to dismiss, where "[1] the operative facts are undisputed and [2] the government fails to object to the district court's consideration of those undisputed facts, and [3] the district court can determine from them that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt." *See Pope*, 613 F.3d at 1260, *United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994). Dismissals on this basis, however, are the "rare exception." *Id.*

Defendant's Motion to Dismiss is not eligible for pretrial resolution. "Dismissals under the rubric [ ] set forth in *Hall* can be had only when and 'because undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted.'" *See Pope* at 1261 (quoting *United States v. Todd*, 446 F.3d 1062, at 1068 (10th Cir. 2006)).

In applying the *Pope* analysis to Defendant's case, the operative facts are still in dispute, the Government has objected to the Court's consideration of the operative facts and the Court cannot determine as a matter of law that the Government is incapable of proving its case beyond a reasonable doubt. Having considered Defendant's motion, the Government's response, and Defendant's reply, the Court finds Defendant's Motion to Dismiss is denied.

**IT IS SO ORDERED this 29th day of March, 2017.**

James H. Payne
United States District Judge
Eastern District of Oklahoma